**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4100**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JOSE ANGEL GUERRERO GALINDO,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:11-cr-00124-NCT-2)

Submitted:  March 20, 2013        Decided:  April 3, 2013

Before AGEE, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Guerrero Galindo pled guilty pursuant to a written plea agreement to conspiracy to distribute cocaine hydrochloride in violation of 21 U.S.C. § 846 (2006) and possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 2 (2006). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning the reasonableness of Galindo's sentence. Galindo filed a pro se supplemental brief, alleging generally that his due process rights were violated because he was not provided with Spanish language materials and that his trial counsel was ineffective. Finding no error, we affirm.

We review sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a)

2

factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Id. at 49-51.

Galindo's appellate counsel first questions whether Galindo's sentence is procedurally reasonable. Specifically, counsel questions whether the district court erred by applying a leadership enhancement pursuant to United States Sentencing Guidelines "USSG" § 3B1.1(a) (2011), an enhancement for operating a drug house pursuant to USSG § 2D1.1(b)(12), by attributing fifty kilograms of cocaine to Galindo, and by failing to adequately consider and explain the application to Galindo of the statutory factors set forth in 18 U.S.C. § 3553(a). Upon careful review of the record, we find no procedural error.

If a sentence is free of significant procedural error, we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted), and must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall, 552 U.S. at 50. If the sentence is within the properly calculated Guidelines range, this court applies a presumption on

3

appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). In light of the presumption of reasonableness that attaches to Galindo's within Guidelines sentence, we conclude that the sentence selected was not substantively infirm.

In his pro se supplemental brief Galindo contends that his plea was not knowing and voluntary because he was not provided with Spanish-language documentation or Spanish-language legal materials. See McCarthy v. United States, 394 U.S. 459, 466 (1969) (holding that, if a plea is not "voluntary and knowing, it has been obtained in violation of due process and is therefore void"). Because Galindo did not bring these concerns to the attention of the district court, we review for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993) (holding that unpreserved error is to be reviewed under the plain error standard). We conclude that the record demonstrates that the district court did not commit plain error by accepting Galindo's plea. Galindo stated that he understood the proceedings, participated meaningfully in the Rule 11 hearing, and ultimately admitted his guilt. See United States v. Rubio,

4

677 F.3d 1257, 1260-62 (D.C. Cir. 2012) (holding that the defendant could not establish that her plea was involuntary on the basis of a Spanish language barrier when the record indicated that she had understood proceedings).[*]

Finally, Galindo contends that he was denied the effective assistance of counsel. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal unless the record clearly demonstrates ineffectiveness. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); see also United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.") (internal quotation marks omitted). Upon review of the record, we conclude that it does not conclusively show that Galindo's counsel was ineffective, and accordingly decline to consider this issue on direct appeal.

---

[*] Galindo also raises numerous questions inviting this court to go beyond the scope of an Anders review and determine the legality of the warrant against him, the evidentiary chain of custody, and whether drug residue was present on his clothing, among others. We conclude that these contentions are moot in light of Galindo's guilty plea, and that no plain error connected with any of Galindo's contentions appears on the face of the record.

5

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Galindo, in writing, of the right to petition the Supreme Court of the United States for further review. If Galindo requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Galindo.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>